The Honorable James C. Scott State Senator 321 State Hwy 15 North Warren, AR 71671
Dear Senator Scott:
This is in response to your request for an opinion regarding Act 608 of 1993. This act amends A.C.A. § 6-13-619(a) to provide that school board meetings shall be held at specified times, and reads as follows:
 The board of directors shall hold regular monthly meetings during the school term and shall meet on call of the president or secretary, or any three (3) members of the board, or when petitioned to do so by a petition in writing signed by fifty (50) electors in the district. Regular meetings of the school board and all school board committees and special meetings of the school board and school board committees that deal with personnel or personnel policies shall, except in emergency situations, be held after five (5:00) p.m.
You have indicated that in its original form the act required all regular and special meetings of the school board and school board committees to meet after 5:00 p.m., except in emergency situations. You have also indicated that the language "and special meetings of the school board and school board committees that deal with personnel or personnel policies" was the result of an amendment to the original bill, and that in explaining the amended bill to the committee and to the full House and Senate, it was indicated that the bill required all regular school board and school board committee meetings to be held after 5:00 p.m. except in emergencies, and all special meetings dealing with personnel and personnel policies to be held after 5:00 p.m., except in emergencies.
Your question is set out below:
 Does Act 608 require that only regular and special meetings of the school board and school board committees that deal with personnel and personnel policies be required to meet after 5:00 p.m. or does the act require that regular meetings of the school board and special meetings that deal with personnel and personnel policies meet after 5:00 p.m.?
It is my opinion that, except in emergency situations, the regular meetings of the school board and school board committees, and the special meetings that deal with personnel or personnel policies, are to be held after 5:00 p.m.
The question you have posed involves the application of rules of statutory construction with regard to the interpretation of language in the second sentence of the act. The issue is whether the language "that deal with personnel or personnel policies" modifies only the earlier language regarding special meetings, or whether it also has reference back to the language regarding regular meetings. While it might be contended that the referenced language refers back to both special and regular meetings, this would lead to the conclusion that only meetings (whether regular or special) that deal with personnel are required to be held after 5:00 p.m. It is my opinion, rather, that statutory rules of construction lend support to the conclusion that the referenced language modifies only the words "special meetings."
It is an established rule of statutory construction that a limiting clause is to be restrained to the last antecedent, unless the subject-matter requires a different result. Bell v.Board of Directors of Jefferson County Bridge Dist.,109 Ark. 433, 160 S.W. 390 (1913). See also 82 C.J.S. Statutes § 334 (1953) and Op. Att'y Gen. Nos. 93-151 and 91-099. This rule of statutory construction is also discussed in 2A Sutherland,Statutory Construction, § 47.33 (4th ed. 1984), wherein it is stated:
 Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. The last antecedent is `the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence.' Thus a proviso usually is construed to apply to the provision or clause immediately preceding it. The rule is another aid to discovery of intent or meaning and is not inflexible and uniformly binding. Where the sense of the entire act requires that a qualifying word or phrase apply to several preceding or even succeeding sections, the word or phrase will not be restricted to its immediate antecedent.
 Evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma.
Sutherland, supra at 270.
It is my opinion, in light of the rule above, that the legislature has evidenced its intent for the words "that deal with personnel or personnel policies" to refer to or qualify only the immediately preceding words "special meetings . . .," and not the words "regular meetings. . . ." There is, in my opinion, no evidence of an intention, or a comma separating the words "that deal with personnel or personnel policies" and the words "special meetings . . .," such that the more remote antecedents would be encompassed within the qualifying phrase. Under this construction, the act therefore requires that, except in emergency situations, all regular meetings of the school board and school board committees are to be held after 5:00 p.m., and special meetings pertaining to personnel are also to be held after 5:00 p.m. Special meetings not dealing with personnel or personnel policies do not appear to be restricted by the act to this "after 5:00 p.m." time frame.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh